UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**MARTINE P. GOODEN,**

      **Plaintiff,**

                                       **Civil Action 2:10-cv-00116**
**v.**                                 **Judge Michael H. Watson**
                                   **Magistrate Judge E.A. Preston Deavers**

**GORDON MCDANILES,** *et al.*,

      **Defendants.**


<u>**ORDER and REPORT AND RECOMMENDATION**</u>

      This matter is before the Court for consideration of Plaintiff's Motion for Entry of Default Judgment and for Leave to File an Amended Complaint (Doc. 10).  For the reasons that follow, Plaintiff's Motion to Amend is **DENIED WITHOUT PREJUDICE,** and the undersigned **RECOMMENDS** that Plaintiff's Motion for Default be **DENIED**.

**A.**      **Motion for Default**

      On February 9, 2010, Plaintiff filed a Motion to Proceed *in Forma Pauperis* (Doc. 1). On February 16, 2010, the Court issued an Order permitting Plaintiff to prosecute this action without prepayment of fees or costs and requiring the U.S. Marshal to serve each Defendant with a copy of the Summons, Complaint, and Order.  The Court's February 16, 2010 Order also required Defendants to answer or otherwise respond to the Complaint within forty-five (45) days after being served with a copy of the Summons and Complaint.  Defendants Hudson, Loeloff, and McDaniles were served via certified mail on February 23, 2010.  Thus, pursuant to the Court's Order, Defendants had forty-five (45) days or until April 9, 2010, to answer or otherwise

respond to the Complaint.  Consequently, Plaintiff's Motion for Default Judgment, which was filed on April 8, 2010, was premature because it was filed one day prior to the expiration of the time period that the Court permitted for Defendants to respond to Plaintiff's Complaint.  Further, on April 9, 2010, Defendants filed their Answer to the Complaint.  Therefore, Defendants have not failed to plead or otherwise defend as is required under Federal Rule of Civil Procedure 55(a) before the Clerk can enter Defendants' default.  Fed. R. Civ. P. 55(a).  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Doc. 10) be **DENIED**.

**B.      Motion to Amend Complaint**

On March 4, 2010, Plaintiff filed a Motion to Amend his Complaint (Doc. 5).  The Court permitted Plaintiff to amend his Complaint as the Motion to Amend was filed prior to Defendants' Answer.  Because Plaintiff only attached prison records to his March 4, 2010 Motion to Amend and failed to attach a proposed Complaint, the Court incorporated Plaintiff's prison records into the initial Complaint.  Plaintiff again moves to amend his Complaint.  Defendants oppose amendment because Plaintiff has failed to attach a proposed amended complaint.  It is not otherwise entirely clear from Plaintiff's instant Motion for Leave to Amend Complaint (Doc. 10) how he wishes to amend his Complaint.

Pursuant to the Federal Rules of Civil Procedure, the Court should allow parties to amend their pleadings "freely . . . when justice so requires."  Fed. R. Civ. P. 15(a).  Nevertheless, "[a] motion to amend a complaint should be denied if the amendment . . . would be futile."  *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010).  Although the Court acknowledges that it should liberally grant amendments to the pleadings, the Court finds that it lacks the information to properly assess the merits of Plaintiff's Motion.  Thus, the Court is unable to determine whether

amendment would be futile.

Accordingly, Plaintiff's Motion for Leave to Amend Complaint (Doc. 10) is **DENIED WITHOUT PREJUDICE**. Plaintiff may resubmit a motion for leave to file an amended complaint. In the motion, Plaintiff should adequately explain his proposed amendments to the Complaint. Additionally, Plaintiff should attach his proposed amended complaint to the motion.

**C.    Notice**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

3

**IT IS SO ORDERED.**


October 12, 2010                                    _____/s/ *Elizabeth A. Preston Deavers*_____

                                                    Elizabeth A. Preston Deavers
                                                    United States Magistrate Judge